**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------ X
THE PROVIDENCE GROUP LLC,                  :
                                           :   Index No. 1:20-cv-05067
            Plaintiff,                     :
                                           :
        vs.                                :   **ANSWER**
                                           :
OMNI ADMINSTRATORS INC. d/b/a/ LEADING     :
EDGE ADMINISTRATORS,                       :
                                           :
            Defendants.                    :
                                           :
------------------------------------- X

Defendant Omni Administrators Inc. d/b/a Leading Edge Administrators ("**LEA**"), by and through its attorneys, RIVKIN RADLER LLP, hereby answers the Complaint filed by The Providence Groups, LLC's ("**Providence**") as follows:

### INTRODUCTION

1. LEA denies knowledge or information to form a belief as to the allegations as contained in in paragraph "1" of the Complaint and respectfully defers all questions of law to the Court for its determination.

### JURISDICTION AND VENUE

2. LEA denies knowledge or information to form a belief as to the allegations as contained in in paragraph "2" of the Complaint and respectfully defers all questions of law to the Court for its determination.

3. LEA denies knowledge or information to form a belief as to the allegations as contained in in paragraph "3" of the Complaint and respectfully defers all questions of law to the Court for its determination.

4. LEA denies knowledge or information to form a belief as to the allegations as contained in in paragraph "4" of the Complaint, except admits that venue is proper in this District and respectfully defers all questions of law to the Court for its determination.

## THE PARTIES

5. LEA denies knowledge or information to form a belief as to the allegations as contained in in paragraph "5" of the Complaint.

6. LEA admits to the allegations as contained in in paragraph "6" of the Complaint.

7. LEA denies knowledge or information to form a belief as to the allegations as contained in in paragraph "7" of the Complaint.

## FACTS RELEVANT TO ALL CLAIMS

8. LEA denies knowledge or information to form a belief as to the allegations as contained in in paragraph "8" of the Complaint.

9. LEA denies knowledge or information to form a belief as to the allegations as contained in in paragraph "9" of the Complaint except admits that LEA issued a proposal to Providence as of November 6, 2017 providing for a self-insured plan with an effective date of December 1, 2017.

10. LEA denies the allegations set forth in paragraph "10" of the Complaint, as may be inconsistent with the referenced Plan and otherwise respectfully refers the Court to the Plan for its contents, import and meaning.

11. LEA denies the allegations set forth in paragraph "11" of the Complaint, as may be inconsistent with the referenced Plan and otherwise respectfully refers the Court to the Plan for its contents, import and meaning.

12. LEA denies the allegations set forth in paragraph "12" of the Complaint, as may be inconsistent with the referenced Plan and otherwise respectfully refers the Court to the Plan for its contents, import and meaning.

13. LEA denies the allegations set forth in paragraph "13" of the Complaint, as may be inconsistent with the referenced Plan and otherwise respectfully refers the Court to the Plan for its contents, import and meaning.

14. LEA denies knowledge or information to form a belief as to the allegations as contained in in paragraph "14" of the Complaint.

15. LEA denies knowledge or information to form a belief as to the allegations as contained in in paragraph "15" of the Complaint.

16. LEA denies the allegations as contained in in paragraph "16" of the Complaint except admits that Providence entered into an Administrative Services Agreement with LEA as of December 1, 2017 (the "Agreement").

17. LEA denies the allegations as contained in in paragraph "17" of the Complaint, except admits that pursuant to the agreement Providence was named Plan Sponsor and respectfully defers all questions of law to the Court for its determination.

18. LEA denies the allegations set forth in paragraph "18" of the Complaint, as may be inconsistent with the referenced Agreement and otherwise respectfully refers the Court to the Agreement for its contents, import and meaning and defers all questions of law to the Court for its determination.

19. LEA denies the allegations set forth in paragraph "19" of the Complaint, as may be inconsistent with the referenced Agreement and otherwise respectfully refers the Court to the Agreement for its contents, import and meaning.

20. LEA denies the allegations set forth in paragraph "20" of the Complaint and respectfully defers all questions of law to the Court for its determination.

21. LEA denies the allegations set forth in paragraph "21" of the Complaint and respectfully refers the Court to the Agreement for its contents, import and meaning and defers all questions of law to the Court for its determination.

22. LEA denies the allegations set forth in paragraph "22" of the Complaint, as may be inconsistent with the referenced Agreement and otherwise respectfully refers the Court to the Agreement for its contents, import and meaning and defers all questions of law to the Court for its determination.

23. LEA denies the allegations set forth in paragraph "23" of the Complaint, as may be inconsistent with the referenced Agreement and otherwise respectfully refers the Court to the Agreement for its contents, import and meaning.

24. LEA denies the allegations set forth in paragraph "24" of the Complaint, as may be inconsistent with the referenced Agreement and otherwise respectfully refers the Court to the Agreement for its contents, import and meaning.

25. LEA denies the allegations set forth in paragraph "25" of the Complaint, as may be inconsistent with the referenced Agreement and otherwise respectfully refers the Court to the Agreement for its contents, import and meaning.

26. LEA denies the allegations set forth in paragraph "26" of the Complaint, as may be inconsistent with the referenced Agreement and otherwise respectfully refers the Court to the Agreement for its contents, import and meaning.

27. LEA denies the allegations set forth in paragraph "27" of the Complaint, as may be inconsistent with the referenced Agreement and otherwise respectfully refers the Court to the Agreement for its contents, import and meaning.

28. LEA denies the allegations set forth in paragraph "28" of the Complaint, as may be inconsistent with the referenced Proposal and otherwise respectfully refers the Court to the Proposal for its contents, import and meaning.

29. LEA denies the allegations set forth in paragraph "29" of the Complaint.

30. LEA denies the allegations set forth in paragraph "30" of the Complaint.

31. LEA denies the allegations set forth in paragraph "31" of the Complaint.

32. LEA denies the allegations set forth in paragraph "32" of the Complaint.

33. LEA denies the allegations set forth in paragraph "33" of the Complaint.

34. LEA denies the allegations set forth in paragraph "34" of the Complaint except admits that the Plan was fully funded and all claims were paid for the 2017 plan year.

35. LEA denies the allegations set forth in paragraph "35" of the Complaint, as may be inconsistent with the referenced Proposal and otherwise respectfully refers the Court to the Proposal for its contents, import and meaning.

36. LEA denies the allegations set forth in paragraph "36" of the Complaint, as may be inconsistent with the referenced Proposal and otherwise respectfully refers the Court to the Proposal for its contents, import and meaning.

37. LEA denies the allegations set forth in paragraph "37" of the Complaint.

38. LEA denies the allegations set forth in paragraph "38" of the Complaint.

39. LEA denies knowledge or information to form a belief as to the allegations as contained in in paragraph "39" of the Complaint.

40.     LEA denies the allegations set forth in paragraph "40" of the Complaint, as may be inconsistent with the referenced Proposal and/or Agreement and otherwise respectfully refers the Court to the Proposal and/or Agreement for its contents, import and meaning.

41.     LEA denies knowledge or information to form a belief as to the allegations as contained in in paragraph "41" of the Complaint.

42.     LEA denies knowledge or information to form a belief as to the allegations as contained in in paragraph "42" of the Complaint.

43.     LEA denies the allegations set forth in paragraph "43" of the Complaint, as may be inconsistent with the referenced Agreement and otherwise respectfully refers the Court to the Agreement for its contents, import and meaning.

44.     LEA denies the allegations set forth in paragraph "44" of the Complaint, as may be inconsistent with the referenced Agreement and otherwise respectfully refers the Court to the Agreement for its contents, import and meaning.

45.     LEA denies the allegations set forth in paragraph "45" of the Complaint and respectfully refers the Court to the July 2020 Spreadsheet for its contents, import and meaning.

46.     LEA denies knowledge or information to form a belief as to the allegations as contained in in paragraph "46" of the Complaint.

47.     LEA denies the allegations set forth in paragraph "47" of the Complaint, as may be inconsistent with the referenced July 2020 Spreadsheet and otherwise respectfully refers the Court to the July 2020 Spreadsheet for its contents, import and meaning.

48.     LEA denies the allegations set forth in paragraph "48" of the Complaint.

49.     LEA denies the allegations set forth in paragraph "49" of the Complaint.

50.     LEA denies the allegations set forth in paragraph "50" of the Complaint.

51. LEA denies the allegations set forth in paragraph "51" of the Complaint.

52. LEA denies the allegations set forth in paragraph "52" of the Complaint, as may be inconsistent with the referenced Plan and otherwise respectfully refers the Court to the Plan for its contents, import and meaning.

53. LEA denies the allegations set forth in paragraph "53" of the Complaint.

54. LEA denies the allegations set forth in paragraph "54" of the Complaint.

55. LEA denies the allegations set forth in paragraph "55" of the Complaint.

56. LEA denies the allegations set forth in paragraph "56" of the Complaint.

57. LEA denies the allegations set forth in paragraph "57" of the Complaint.

58. LEA denies the allegations set forth in paragraph "58" of the Complaint, as may be inconsistent with the referenced Agreement and otherwise respectfully refers the Court to the Agreement for its contents, import and meaning.

### SPECIFIC CAUSES OF ACTION[1]

### COUNT II

### CLAIM FOR EQUITABLE ACCOUNTING
### ARISING UNDER 29 U.S.C. § 1132; ERISA § 502(a)(3) and the AGREEMENT

59. LEA repeats and re-alleges paragraphs "1" to "65" as if fully set forth herein.

60. LEA denies the allegations set forth in paragraph "67" of the Complaint and respectfully defers all questions of law to the Court for its determination.

61. LEA denies the allegations set forth in paragraph "68" of the Complaint.

62. LEA denies the allegations set forth in paragraph "69" of the Complaint.

63. LEA denies the allegations set forth in paragraph "70" of the Complaint.

64. LEA denies the allegations set forth in paragraph "71" of the Complaint.

---

[1] Pursuant to this Court's August 19, 2021 Memorandum and Order, Count I of Plaintiff's Complaint was dismissed.

65. LEA denies the allegations set forth in paragraph "72" of the Complaint.

## COUNT III

## NEGLIGENCE

66. LEA repeats and re-alleges paragraphs "1" to "72" as if fully set forth herein.

67. LEA admits the allegations set forth in paragraph "74" of the Complaint.

68. LEA denies the allegations set forth in paragraph "75" of the Complaint, as may be inconsistent with the referenced Agreement and otherwise respectfully refers the Court to the Agreement for its contents, import and meaning and defers all questions of law to the Court for its determination.

69. LEA denies the allegations set forth in paragraph "76" of the Complaint and respectfully defers all questions of law to the Court for its determination.

70. LEA denies the allegations set forth in paragraph "77" of the Complaint.

71. LEA denies the allegations set forth in paragraph "78" of the Complaint.

72. LEA denies knowledge or information to form a belief as to the allegations as contained in in paragraph "79" of the Complaint.

73. LEA denies the allegations set forth in paragraph "80" of the Complaint.

74. LEA denies the allegations set forth in paragraph "81" of the Complaint.

## COUNT IV

## BREACH OF CONTRACT

75. LEA repeats and re-alleges paragraphs "1" to "81" as if fully set forth herein.

76. LEA denies the allegations set forth in paragraph "83" of the Complaint, as may be inconsistent with the referenced Agreement and otherwise respectfully refers the Court to the Agreement for its contents, import and meaning.

77. LEA denies knowledge or information to form a belief as to the allegations as contained in in paragraph "84" of the Complaint.

78. LEA denies the allegations set forth in paragraph "85" of the Complaint.

79. LEA denies the allegations set forth in paragraph "86" of the Complaint.

## COUNT V

## INDEMNIFICATION

80. LEA repeats and re-alleges paragraphs "1" to "86" as if fully set forth herein.

81. LEA denies the allegations set forth in paragraph "88" of the Complaint, as may be inconsistent with the referenced Agreement and otherwise respectfully refers the Court to the Agreement for its contents, import and meaning.

82. LEA denies the allegations set forth in paragraph "89" of the Complaint, as may be inconsistent with the referenced Agreement and otherwise respectfully refers the Court to the Agreement for its contents, import and meaning.

83. LEA denies knowledge or information to form a belief as to the allegations as contained in in paragraph "90" of the Complaint.

84. LEA denies the allegations set forth in paragraph "91" of the Complaint.

## COUNT VI

## SPECIFIC PERFORMANCE

85. LEA repeats and re-alleges paragraphs "1" to "91" as if fully set forth herein.

86. LEA denies the allegations set forth in paragraph "93" of the Complaint and respectfully refers the Court to the Contract for its contents, import and meaning.

87. LEA denies knowledge or information to form a belief as to the allegations as contained in in paragraph "94" of the Complaint.

88. LEA denies the allegations set forth in paragraph "95" of the Complaint.

89. LEA denies the allegations set forth in paragraph "96" of the Complaint and respectfully defers all questions of law to the Court for its determination.

## FIRST AFFIRMATIVE DEFENSE

90. Plaintiff has failed to state, either in whole or in part, any claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

91. Some or all of the Plaintiff's claims are barred by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

92. Plaintiff has not sustained any injury-in-fact or been damaged whatsoever, depriving the Court of subject matter jurisdiction.

## FOURTH AFFIRMATIVE DEFENSE

93. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and estoppel, release, and accord and satisfaction.

## FIFTH AFFIRMATIVE DEFENSE

94. Plaintiff has failed to mitigate its damages, if any.

## SIXTH AFFIRMATIVE DEFENSE

95. LEA denies that it was negligent in any way in connection with the damages alleged in Plaintiff's Complaint, but as to any and all negligence alleged in the Complaint, LEA alleges that plaintiff's contributory negligence, incurred risk, comparative fault and other fault caused the damages sought in this action, and that any damages should be diminished in proportion to the amount of Plaintiff's fault attributable to them.

## SEVENTH AFFIRMATIVE DEFENSE

96. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

97. To the extent LEA is found to have any responsibility for the claims made in this litigation, the allocation of responsibility should be made pursuant to 29 U.S.C. §1105.

## NINTH AFFIRMATIVE DEFENSE

98. Plaintiff's claims are barred, in whole or in part, on the basis that Plaintiffs alleged damages, if any, were solely caused by other individuals or entities.

## TENTH AFFIRMATIVE DEFENSE

99. Plaintiff is guilty of laches, and it would therefore be inequitable to grant any of the remedies sought by Plaintiff.

## ELEVENTH AFFIRMATIVE DEFENSE

100. The equities do not preponderate in favor of Plaintiff so as to allow recovery based on equitable principles.

## TWELTH AFFIRMATIVE DEFENSE

101. Some or all of the Plaintiff's claims and causes of action may be subject to arbitration provisions within some or all of the applicable policies and/or contracts referenced in the Complaint but not attached by the Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

102. To the extent that Plaintiff is, was, or will be damaged as a result of the matters alleged in the Complaint (which is denied), its damages resulted from its own non-delegable duties under ERISA.

### FOURTEENTH AFFIRMATIVE DEFENSE

103.  Plaintiff has failed to state facts sufficient for an award of attorneys' fees.

### FIFTEENTH AFFIRMATIVE DEFENSE

104.  To the extent that Plaintiff's claims are subject to contribution, or any reduction or offset from other parties, any damages recovered against LEA shall be reduced accordingly.

### SIXTEENTH AFFIRMATIVE DEFENSE

105.  Should Plaintiff recover damages from LEA, LEA is entitled to indemnification, either in whole or in part, from all persons or entities whose negligence and/or fault proximately contributed to Plaintiff's damages, if any.

### SEVENTEENTH AFFIRMATIVE DEFENSE

106.  LEA is entitled to relief pursuant to 29 U.S.C. §1132.

### EIGHTEENTH AFFIRMATIVE DEFENSE

107.  LEA is not a fiduciary and therefore ERISA claims against LEA are inapplicable.

### RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES

108.  LEA reserves the right to assert, and hereby give notice that it intends to rely upon, any other defenses that may become available or appear during discovery proceedings or otherwise in this case and hereby reserves the right to amend its Answer to assert any such defense.

### AS AND FOR A COUNTERCLAIM FOR CONTRACTUAL INDEMNIFICATION AGAINST PROVIDENCE

109.  Pursuant to § 4.7 of the Agreement between Providence and LEA:

> The Plan Sponsor will indemnify, defend, and hold the Claims Administrator and its respective directors, officers and employees harmless from and against any and all claims, suits, actions, liabilities, losses, fines, penalties, damages, and expenses of any kind including, but not limited to court costs and attorney's fees, which Claims Administrator may suffer or

incur as a result of any dishonest, fraudulent, negligent, or criminal act or omission of the Plan Sponsor or its employees, officers or directors, or by the Plan Sponsor's breach of confidentiality or right of privacy of any Plan Participant except for acts taken at the specific direction of the Claims Administrator, or as required by law or regulation. Should the Plan Sponsor be called upon to so indemnify the Claims Administrator, it may at its discretion choose to handle any defense efforts necessary to counter claims against the Claims Administrator and/or the Plan Sponsor which would give rise to, and necessitate, said indemnification. The Plan Sponsor shall be entitled to rely, without investigation or inquiry, upon any written communication(s) of the Claims Administrator or agents of the Claims Administrator. This indemnity does not extend to any acts or omissions other than those enumerated in this paragraph. This indemnity shall survive termination of this Agreement.

110. Furthermore, § 5.3 provides:

Claims Administrator shall rely on the information provided by Plan Sponsor. Claims Administrator is not responsible for the accuracy of any information provided by Plan Sponsor. Plan Sponsor agrees to hold Claims Administrator harmless, and indemnify Claims Administrator for any losses, which result from the inaccuracy of any information contained in the enrollment transactions.

111. By reason of the foregoing, Providence is obligated to defend and indemnify LEA in this action as a result of Providence's negligence in performing its duties and obligations as Plan Sponsor.

112. By reason of the foregoing, Providence is obligated to defend and indemnify LEA in this action as a result of Providence providing LEA with inaccurate information contained in and/or relating to enrollment transactions, which, pursuant to Providence's claims, has allegedly resulted in losses and damages.

113. By reason of the foregoing, if there has been any violation of law as alleged in Providence's Complaint, LEA is entitled to contractual indemnification and for all the defense costs of this action and any damages, costs, expenses, including attorney's fees incurred as a result thereof.

WHEREFORE, LEA respectfully requests that this Court:

a) Dismiss Providence's Complaint in its entirety with prejudice;

b) Grant LEA'S Counterclaims;

c) Grant LEA an award of attorneys' fees, costs and disbursements;

d) A monetary judgment in favor of LEA in an amount to be determined at trial, plus costs and attorney's fees; and

e) Such other and further relief as this Court deems just, equitable and proper.

Dated: Uniondale, New York
September 20, 2021

        RIVKIN RADLER LLP
        Attorneys for
        OMNI ADMINISTRATORS INC. D/B/A LEADING EDGE ADMINISTRATORS,

By: */s/ Kenneth C. Murphy*
      KENNETH C. MURPHY
      926 RXR Plaza
      Uniondale, New York 11556-0926
      (516) 357-3000

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed using this Court's CM/ECF notification service, which sent notification of such filing to all counsel of record on September 20, 2021.

        */s/ Kenneth C. Murphy*
        Kenneth C. Murphy