UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                   :
THE PROVIDENCE GROUPS, LLC,                                        :   Case No. 1:20-cv-05067-FB-SJB
                                                                   :
                     Plaintiff,                     :
                                                                   :
                     v.                              :   **PLAINTIFF'S ANSWER TO**
                                                                   :   **OMNI ADMINISTRATORS**
OMNI ADMINISTRATORS INC. d/b/a/ LEADING                            :   **INC.'S COUNTERCLAIM**
EDGE ADMINISTRATORS,                                               :   **FOR CONTRACTUAL**
                                                                   :   **INDEMNIFICATION**
                     Defendant.                      :   **AGAINST PROVIDENCE**
                                                                   :
------------------------------------------------------------------ X

      Plaintiff Counter-Defendant The Providence Group, LLC (hereinafter "Providence"), by and through its attorneys, Holifield & Janich, PLLC and Morrison Cohen LLP, and pursuant to Fed. R. Civ. P. 12, as and for its answer to Defendant Counter-Plaintiff Omni Administrators Inc. d/b/a Leading Edge Administrator's ("LEA's") Counterclaim for Contractual Indemnification Against Providence ("Counterclaim"), alleges as follows:

## ANSWER TO COUNTERCLAIM

      1.     Providence denies the allegations set forth in paragraph 109 of the Counterclaim, as they may be inconsistent with the referenced Agreement and otherwise respectfully refers the Court to the Agreement for its contents, import and meaning.

      2.     Providence denies the allegations set forth in paragraph 110 of the Counterclaim, as they may be inconsistent with the referenced Agreement and otherwise respectfully refers the Court to the Agreement for its contents, import and meaning.

      3.     Providence denies the allegations set forth in paragraph 111 of the Counterclaim.

      4.     Providence denies the allegations set forth in paragraph 112 of the Counterclaim.

      5.     Providence denies the allegations set forth in paragraph 113 of the Counterclaim.

6. Providence denies any and all allegations of LEA's indemnification claim that has not been admitted or denied, is hereby denied.

## AFFIRMATIVE DEFENSES TO COUNTERCLAIM

### FIRST AFFIRMATIVE DEFENSE

1. LEA has failed to state, either in whole or in part, any claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. LEA's claim is barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

3. LEA has not sustained any injury-in-fact or been damaged whatsoever, depriving the Court of subject matter jurisdiction.

### FOURTH AFFIRMATIVE DEFENSE

4. LEA's claims are barred, in whole or in part, by the doctrines of waiver and estoppel, release, and accord and satisfaction.

### FIFTH AFFIRMATIVE DEFENSE

5. LEA has failed to mitigate its damages, if any.

### SIXTH AFFIRMATIVE DEFENSE

6. The Counterclaim is barred, in whole or in part, by LEA's inequitable conduct, unclean hands, bad faith and/or fraudulent conduct and/or misrepresentations.

### SEVENTH AFFIRMATIVE DEFENSE

7. LEA's claim for indemnification is barred, in whole or in part, on the basis that LEA's alleged damages, if any, were solely caused by other individuals or entities.

**EIGHTH AFFIRMATIVE DEFENSE**

8. LEA is guilty of laches, and it would therefore be inequitable to grant any of the remedies sought by LEA.

**NINTH AFFIRMATIVE DEFENSE**

9. The equities do not preponderate in favor of LEA so as to allow recovery based on equitable principles.

**TENTH AFFIRMATIVE DEFENSE**

10. Providence is entitled to relief pursuant to 29 U.S.C. §1132.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. The Counterclaim is barred, in whole or in part, because it is not well grounded in existing law or fact and there is no valid argument for the extension, modification or reversal of existing law.

**TWELFTH AFFIRMATIVE DEFENSE**

12. The Counterclaim is barred, in whole or in part, based upon LEA's intervening acts or omissions, and/or its failure to fulfill conditions precedent to recovery.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. The Counterclaim is barred, in whole or in part, by LEA's own breaches of the relevant agreement.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. To the extent supported by the facts of this case, the attorney fees, costs and expenses sought to be recovered by LEA are neither reasonable nor necessary.

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. The Counterclaim is barred, in whole or in part, because LEA had a duty of good

faith and fair dealing in connection with the agreement referenced in the Counterclaim.

## **RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES**

16. Providence reserves the right to assert, and hereby give notice that it intends to rely upon, any other defenses that may become available or appear during discovery proceedings or otherwise in this case and hereby reserves the right to amend its Answer to LEA's Counterclaim to assert any such defense.

WHEREFORE, Providence respectfully request that the Court enter judgment as follows:

(a) dismissing the Counterclaim against Providence with prejudice;

(b) awarding reasonable attorneys' fees, costs and expenses to Providence; and

(c) awarding such other and further relief as the Court deems just and proper.

Dated: October 18, 2021

MORRISON COHEN LLP

By: */s/ Jay R. Speyer*
    Jay R. Speyer

909 Third Avenue
New York, New York 10022
(212) 735-8600
jspeyer@morrisoncohen.com

-and-

HOLIFIELD & JANICH, PLLC

By: */s/ Al Holifield*
    Al Holifield (PRO HAC VICE)

11907 Kingston Pike, Suite 201
Knoxville, Tennessee 37934
(865) 566-0115
aholifield@holifieldlaw.com

*Attorneys for Plaintiff*