

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

December 30, 2021

**VIA ECF**
Hon. Sanket J. Bulsara
Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11021

      Re: <u>The Providence Groups, LLC v. Omni Administrators, Inc</u>.
            No. 20-cv-05067-FB-SJB

Dear Magistrate Bulsara:

We are counsel to Defendant Omni Administrators d/b/a Leading Edge Administrators ("**LEA**") in the above-referenced matter. Pursuant to Section IV(b) of Your Honor's Individual Practices, LEA submits this letter motion seeking an Order of the Court directing Plaintiff, the Providence Group ("**Providence**"), to produce documents responsive to LEA's First and Second Requests for the Production of Documents by a date certain and, if it fails to do so, to have the Complaint dismissed. In addition, LEA seeks an extension of the discovery schedule because, as set forth below, Providence's failure to timely respond to LEA's properly served discovery requests has impeded LEA's ability to timely complete discovery and conduct depositions in this matter.

By way of background, this matter concerns claims made by Providence relating to a self-funded employee health benefits plan ("**Plan**") initiated by Providence on November 30, 2017. Providence hired LEA to serve as the third-party administrator ("**TPA**") to the Plan and the parties together entered an Administrative Services Agreement ("**ASA**") which dictated the terms of the arrangement and the services that LEA would provide as the TPA. The first year of the Plan was from November 30, 2017 until November 30, 2018. Thereafter, the plan was renewed by Providence for a second year, from December 1, 2018 to November 30, 2019, but was terminated early by Providence on August 31, 2019.

The Complaint in this matter, which was filed on October 21, 2020, contains six specific causes of action against LEA: breach of fiduciary duty under 29 U.S.C. § 1109 (ERISA § 409) (Count I), claim for equitable accounting arising under 29 U.S.C. § 1132; ERISA § 502(a)(3) and the ASA (Count II), negligence (Count III), breach of contract (Count VI), indemnification (Count V) and specific performance (Count VI). Count I was subsequently dismissed by this Court on August 19, 2021 pursuant to LEA's pre-answer motion to dismiss.

66 South Pearl Street, 11th Floor
Albany, NY 12207-1533
T 518.462.3000 F 518.462.4199

25 Main Street
Court Plaza North, Suite 501
Hackensack, NJ 07601-7082
T 201.287.2460 F 201.489.0495

477 Madison Avenue
New York, NY 10022-5843
T 212.455.9555 F 212.687.9044

2649 South Road
Poughkeepsie, NY 12601-6843
T 845.473.8100 F 845.473.8777

**RIVKIN RADLER** LLP

Hon. Sanket J. Bulsara
December 30, 2021
Page 2

The following is an overview of the timeline with respect to LEA's attempts to secure discovery from Providence:

- On or about March 12, 2021, counsel for LEA, Kenneth C. Murphy, served LEA's First Set of Document Demands ("**First DDs**") on Providence ("**Exhibit A**").
- On July 12, 2021, after not receiving a response to its First DDs, Mr. Murphy sent counsel for Providence, Al Holifield, a good faith letter requesting that Providence provide responses to LEA's demands ("**Exhibit B**").
- On or about July 21, 2021, Mr. Holifield served documents on Mr. Murphy in response to LEA's First DDs.  Due to certain technical difficulties Mr. Murphy did not receive these documents until August 16, 2021.
- On or about August 20, 2021, Mr. Murphy sent Mr. Holifield a letter addressing deficiencies with respect to Providence's responses to LEA's First DDs and seeking clarification from counsel regarding some of the documents produced.  Additionally, Mr. Murphy contemporaneously served Providence with LEA's Second Set of Document Demands ("**Second DDs**") ("**Exhibit C**").
- On September 20, 2021, after having not received a response to its August 20, 2021 letter, Mr. Murphy sent Mr. Holifield a further good faith letter requesting that counsel respond to Mr. Murphy's prior good faith letters as well as LEA's Second DDs ("**Exhibit D**").
- On November 3, 2021, Mr. Holifield sent Mr. Murphy a letter addressing the deficiencies with respect to Providence's responses to LEA's First DDs and stated that responses to LEA's Second DDs would be forthcoming in the "very near future ("**Exhibit E**"). However, with respect to the First DDs, Mr. Holifield stated that he was unable to identify plan members on a month-to-month basis because of a change in Providence's payroll system (Demand #7), nor did counsel address or respond to Demand #8 requesting documents and communications supporting Providence's claim to damages in the amount of $1,500,000 as set forth in the Complaint.  Finally, while Mr. Holifield stated that he would be sending a One Drive link containing the Outlook file folders of several Providence employees, including Greg Mitchell, Gretchen Cox and Rachel Kamau, the Outlook file folders of Greg Mitchell were never provided to LEA.
- On December 7, 2021, Mr. Murphy sent Mr. Holifield a further good faith letter, requesting that Providence respond to LEA's Second DDs and the outstanding discovery addressed in his prior good faith letters ("**Exhibit F**").
- On or about December 15, 2021, counsel conferred by telephone and assurances were made that the documents would be forthcoming, however, to date, Providence still has failed to respond to LEA's Second DDs

Suffice to say, based on the foregoing, Providence has consistently and repeatedly failed to provide LEA with complete and timely responses to its demands for documents, which has impacted LEA's ability to defend this matter.  Despite Mr. Holifield's repeated promises to serve documents

RIVKIN RADLER LLP

Hon. Sanket J. Bulsara
December 30, 2021
Page 3

responsive to LEA's Second DDs, over four months has passed since that demand was made and LEA has not received one responsive document. These documents are critical to LEA's defense in this matter, particularly any agreements between Providence and it's broker, GCG Financial, who LEA believes played an integral role in advising, counselling and guiding Providence with respect to the operations of the Plan.

Furthermore, with respect to the issue of damages, Providence has failed to give LEA any discernable idea what the damages in this matter purport to be. This is unacceptable given that discovery commenced in this matter approximately nine-months ago. Notwithstanding the fact that Providence's Rule 26(1)(A)(3) disclosures were palpably deficient by failing to state Providence's damages, LEA has not been provided with any discovery corroborating Providence's purported damages, which has substantially prejudiced LEA.

Accordingly, LEA respectfully moves this Court to compel Providence to respond to LEA's First and Second DDs by a date certain and, if it fails to do so, to dismiss the Complaint. Moreover, LEA seeks an extension of the discovery schedule in this matter because, as set forth above, Providence's failure to timely respond to LEA's properly served discovery requests has impeded Defendant's ability to timely complete discovery and conduct depositions in this matter, including the deposition of a witness on behalf of Providence.

We thank the Court for its attention to this matter.

    Very truly yours,

    RIVKIN RADLER LLP

    Brian L. Feld, Esq.

5634282.v2