# MMP&S

## MILBER MAKRIS PLOUSADIS & SEIDEN, LLP
### ATTORNEYS AT LAW

1000 Woodbury Road      Suite 402      Woodbury, NY 11797
Telephone: 516.712.4000       Fax: 516.712.4013
HTTP://WWW.MILBERMAKRIS.COM

March 18, 2022

**VIA ECF**

The Honorable Frederic Block
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:  The Providence Groups, LLC, and The Providence Health Group, LLC v. Omni Administrators, Inc. d/b/a Leading Edge Administrators and GCG Financial, LLC
> Docket No.:   1:20-cv-5067-FB-SJB
> Our File No.: 921-21924
> **Formal Request for a Pre-Motion Conference**

Dear Honorable Judge Block:

This firm is legal counsel for Defendant, GCG Financial, LLC, ("GCG") in connection with the above-referenced matter. This correspondence is submitted in compliance with Your Honor's Individual Practice Rules, Rule 2.A. We respectfully request a pre-motion conference in connection with a proposed motion to dismiss Count II-Negligent Misrepresentation and Count III-Negligence asserted against GCG in the First Amended Complaint for the failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). Alternatively, it is requested that GCG simply be granted permission to file a motion to dismiss the Negligent Misrepresentation and Negligence claims.

Plaintiffs, The Providence Groups, LLC, and The Providence Health Group, LLC ("Providence") commenced this action against Omni Administrators, Inc. d/b/a Leading Edge Administrators ("LEA") by the filing of the Original Complaint (the "OC") on October 21, 2020. [ECF No. 1]. In summary, Providence alleges that the LEA failed to provide timely and accurate accounting information, process claims, pay medical claims timely, and account for payments made to a stop loss insurer.

On January 31, 2022 Providence filed the First Amended Complaint (the "FAC"). [ECF No. 44]. The FAC alleges the following: In 2017, Providence consulted with a GCG insurance broker, seeking to move to one self-insured employee benefit plan to include all entities within the Providence group and those entities being managed by Providence, instead of having separate

fully-insured plans. *Id.* at ¶12. On November 6, 2017 LEA issued the Health Benefit Proposal ("2017 LEA Proposal") to Providence. *Id.* at ¶16.

In reliance upon the 2017 LEA proposal and advice from GCG, Providence established the Plan to provide health insurance coverage to its employees. *Id.* at ¶17. On December 1, 2017, Providence entered into an Administrative Service Agreement with LEA, whereby LEA agreed to serve as the TPA for the plan. *Id.* at ¶19.

On or about September 13, 2018, GCG, with LEA's input, presented Providence with a proposed renewal ("2018 Proposal") for the Plan wherein GCG and LEA made various and certain representations. *Id.* at ¶¶ 33-36. Providence further alleges that the information contained in the 2018 Proposal was false and grossly inaccurate. *Id.* at ¶37. On August 31, 2019, Providence terminated the Plan and Agreement due to the inaccurate claim information provided by LEA. *Id.* at ¶44.

As it relates to Count II- Negligent Misrepresentation, Providence alleges that Providence engaged the services of GCG and LEA such that there was a special privity of relationship, thereby imposing a duty on both GCG and LEA to impart correct information to Providence. *Id.* at ¶68. It further alleges that GCG and LEA imparted information to Providence in the 2018 Proposal that was incorrect. *Id.* at ¶69.

As it relates to Count III-Negligence, Providence alleges that GCG owed a duty of care to Providence to provide accurate information regarding the status of the Plan and its funding status. *Id.* at ¶82. Providence further alleges that GCG breached its duty to Providence by presenting inaccurate information in the 2018 Proposal and by advising Providence to renew its self-insured Plan. *Id.* at ¶83.

## Grounds for Motion

GCG respectfully requests leave to file a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for the failure to state a claim upon which relief can be granted. In this regard, Providence's negligent misrepresentation and negligence claims are time-barred by operation of the applicable statute of limitations. Under New York law, a negligence and negligent misrepresentation claim is subject to a three year statute of limitations. N.Y. C.P.L.R. 214(4) (McKinney); *Broecker v. Conklin Prop., LLC*, 189 A.D.3d 751 (2020).

A cause of action based on negligent misrepresentation accrues on the date of the alleged misrepresentation which is relied upon by the plaintiff. *Viania v. Zimmer, Inc.,* No. 2017 WL 5714725, at *3 (E.D.N.Y. Nov. 27, 2017). The FAC alleges that GCG misrepresented information to Providence in the 2018 Proposal, which was issued on September 13, 2018. Given that the FAC was not filed until January 31, 2022, more than three years after the 2018 Proposal was issued, and the date when the alleged misrepresentation was made, the negligent misrepresentation claim is time barred.

Furthermore, the FAC alleges that due to the inaccurate information provided by LEA, Providence terminated the Plan and Agreement with LEA on August 31, 2019. Even if the Court were to apply a two year statute of limitations period from the discovery of the negligent

misrepresentation, Providence had two years from August 31, 2019, *i.e.*, August 31, 2021, to commence suit against GCG. Since the FAC was not filed until January 31, 2022, the claim for negligent misrepresentation is time barred.

A cause of action based on negligence accrues from the date of the injury. *Zimmerman v. Poly Prep Country Day Sch.,* 888 F. Supp. 2d 317, 337 (E.D.N.Y. 2012). The rule applies even if the plaintiff is unaware that he or she has a cause of action at the time of injury. *Id.* The rationale is that the injury puts the putative plaintiff on inquiry notice and, therefore, charges him or her with responsibility for investigating, within the limitations period, all potential claims, and all potential defendants. *Id.* The FAC alleges that the negligence occurred when GCG allegedly presented inaccurate information in the 2018 Proposal, which was issued on or about September 13, 2018. Again, the FAC was not filed until January 31, 2022, more than three years after the 2018 Proposal was issued, as such, the negligence claim is time barred.

Moreover, the negligence claim should be dismissed as duplicative of the negligent misrepresentation claim. Duplicative claims shall be dismissed when they are based on identical conduct and seek the same relief. *Sands Harbor Marina Corp. v. Wells Fargo Ins. Servs. of Oregon, Inc.,* 156 F. Supp. 3d 348, 362–63 (E.D.N.Y. 2016) (dismissing the negligence claim as duplicative of the negligent misrepresentation claim). Although captioned as separate claims, there are no allegations of negligence in Count III beyond those asserted in Count II. They both arise out of the allegation that GCG provided inaccurate information in the 2018 Proposal and both claims seek the same relief, *i.e.*, money damages. As such, the negligence claim is duplicative of the negligent misrepresentation claim and should be dismissed.

Finally, the amendment to the OC does not relate back to the date of the OC under Fed. R. Civ. P. 15(c) and New York law. In this regard, GCG was not originally omitted from this suit on the basis of a mistake concerning the proper party's identity; GCG did not have appropriate notice of the action; there is no identity of interest between LEA and GCG whereby the institution of the case against LEA provided imputed notice to GCG; and LEA and GCG are not united in interest.

Accordingly, we respectfully request that this Court schedule a pre-motion conference or establish a briefing schedule for GCG's motion to dismiss. GCG requested a voluntary dismissal of these claims from Providence, however, Providence declined the request. Pursuant Rule 2.A. of this Court's Individual Practice Rules, this request shall constitute timely service of the motion, as GCG's time to answer, move, or otherwise respond to the FAC was extended to March 21, 2022. by Order dated March 3, 2022.

We thank this Honorable Court for its time and consideration.

Respectfully submitted,

*[signature]*

Lorin A. Donnelly

LAD:lm

cc:   **VIA ECF**

     Jay R. Speyer, Esq.
     Collin A. Rose, Esq.
     Morrison Cohen LLP
     *Attorneys for Plaintiff*
     909 Third Avenue
     New York, New York 10022

     -and-

     Holifield & Janich, PLLC
     Al Holifield, Esq. (*PRO HAC VICE*)
     11907 Kingston Pike, Suite 201
     Knoxville, Tennessee 37934

     Barry I. Levy, Esq.
     Kenneth C. Murphy, Esq.
     Brian L. Feld, Esq.
     Rivkin Radler LLP
     *Attorneys for Defendant*
     OMNI ADMINISTRATORS INC.
     926 RXR Plaza
     Uniondale, New York 10176