

Al Holifield, Member
11907 Kingston Pike, Suite 201 · Knoxville, TN 37934

Email: aholifield@holifieldlaw.com
Phone: 865.566.0115
Fax: 865.566.0119 · Web: www.holifieldlaw.com

March 25, 2022

**VIA ECF**

Hon. Sanket J. Bulsara
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re:   *The Providence Groups, LLC v. Omni Administrators, Inc.*
> *d/b/a Leading Edge Administrators (1:20-cv-05067 (FB) (SJB)*

Dear Magistrate Bulsara:

We are counsel to The Providence Groups, LLC ("Providence") in the above-referenced matter. Providence submits this letter in response to GCG Financial, LLC's ("GCG") letter motion, filed on March 18, 2022, seeking a pre-motion conference in connection with a proposed motion to dismiss, or alternatively, for an order granting permission to file a motion to dismiss. [Doc. No. 51]. At the status conference held on March 22, 2022, the Court suggested GCG's motion was perhaps untimely; nevertheless, Providence offers the following refutation of GCG's arguments. GCG's motion is without merit and should be denied.

GCG seeks a dismissal of Providence's causes of action for negligent misrepresentation and negligence. As grounds for dismissal of the negligent misrepresentation claim, GCG contends that the claim is time-barred by operation of the applicable statute of limitations (3 years) under N.Y. C.P.L.R. 214(4) and *Broecker v. Conklin Prop., LLC*, 189 A.D.3d 751 (2020).

First of all, *Broecker* involved an insurance coverage dispute where plaintiff alleged negligence and breach of contract only. There was no claim for negligent misrepresentation or fraud. Therefore, the holding in *Broecker* has no application to this case.

Secondly, GCG asserts, correctly, that Providence's claim for negligent misrepresentation is premised on the 2018 Renewal Proposal which was issued on September 13, 2018, and that the FAC naming GCG as a party defendant was not filed until January 31, 2022.

The evidence is clear and uncontradicted that Providence was not aware of the misrepresentations made in the 2018 Renewal Proposal at the time they were made. In fact, Providence did not discover the misrepresentations until well after this litigation was filed in October of 2020.

March 25, 2022
Page 2 of 3

Providence actually instituted this litigation by filing a motion for an accounting under ERISA so that it could determine with accuracy the claims paid, the funding of claims, and the number and amount of outstanding claims. This motion was subsequently withdrawn after Leading Edge provided the requested claims information and accounting in order to comply with the cause of action brought under ERISA.

GCG argues that, should the discovery rule apply, the date of discovery of the misrepresentation was August 31, 2019, which is the date Providence terminated its self-insured employee welfare benefit plan and its administrative services agreement with Leading Edge Administrators, LLC (the third party administrator for the plan). This is an arbitrary date selected by GCG and is simply not the date of discovery of the misrepresentations.

Nevertheless, even if the Court were to apply the discovery rule from the August 31, 2019, contract termination date, pursuant to Executive Order No. 202.8, Governor Cuomo extended deadlines "for commencement, filing or service of any legal action, notice, motion or other process or proceeding . . ." until the expiration of the order on November 3, 2020.

In *Brash v. Richards*, the court considered the effect of the executive order on a motion to appeal which was allegedly time-barred. 2021 NY Slip Op 03436 (Appellate Division, Second Department, June 2, 2021) The order appealed from was entered October 2, 2020; thus, the plaintiff had 30 days to file an appeal. The plaintiff filed on November 10, 2020, and respondent argued it was time barred. The plaintiff, on appeal, argued that it had 30 days from expiration of Cuomo's order on November 3 in which to appeal. The court agreed, holding that the tolling provision suspended the running of the applicable period of limitation during the pendency of the executive order – i.e., the 228 days that the order was in effect are added to the original deadline. Therefore, plaintiff's appeal was timely filed.

The FAC was filed herein on January 31, 2022, which is within 153 days of August 31, 2021. Therefore, the FAC naming GCG was timely filed in light of this executive order.

Finally, based upon New York case law, the relevant statute of limitations is six years under N.Y. C.P.L.R. § 213(8), as Providence has also alleged fraudulent (intentional) misrepresentation as to the same conduct. "Negligent misrepresentation is viewed as a species of fraud that replaces the required showing of scienter with a showing of negligence." *Fromer v. Vogel*, 50 F. Supp.2d 227, 243 (SDNY 1999).

"The six year statute applies where the negligent misrepresentation claim is 'closely aligned' with an intentional misrepresentation claim." *Asbeka Industries v. Travelers Indemnity Co*., 831 F.Supp. 74, 80 (EDNY 1993); *Calcutti v. SBU, Inc*., 224 F. Supp.2d 691, 702 (S.D.N.Y. 2002) (holding six year statute of limitations applied as "negligent misrepresentation claim sounds in fraud since it arises out of the same transaction and occurrence that underlie Calcutti's fraud claim."); see also, *In re Argo Communications Corp.*, 134 B.R. 776, 794–96 (Bankr.S.D.N.Y.1991) (noting the inconsistent positions of the New York courts, but holding that where the negligent misrepresentation claim is closely aligned with an intentional misrepresentation claim, then the six-year limitations period of CPLR § 213(8) applies).

Holifield & Janich, PLLC

March 25, 2022
Page 3 of 3

The six-year statute of limitations is applicable to Providence's claims, as the negligent misrepresentation claim arises out of the same conduct that underlie Providence's fraudulent misrepresentation claim.

For all of the foregoing reasons, GCG's proposed motion to dismiss should not be well-taken with the Court.  Thank you in advance for your time and consideration of this response.

Very truly yours,

HOLIFIELD & JANICH, PLLC

By:_____
        Al Holifield

JAH:cmc

4856-3080-1944, v. 1