UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
THE PROVIDENCE GROUPS, LLC, and
THE PROVIDENCE HEALTH GROUP, LLC

                         Plaintiffs,                Case No. 1:20-cv-05067
                                                            (FB) (SJB)

    v.

OMNI ADMINISTRATORS INC. d/b/a                **ANSWER TO FIRST**
LEADING EDGE ADMINISTRATORS,                 **AMENDED COMPLAINT**
and

GCG FINANCIAL, LLC,

                         Defendants.
-----------------------------------------------------------------------X

       Defendant GCG FINANCIAL, LLC ("GCG"), by its attorneys, MILBER MAKRIS PLOUSADIS & SEIDEN, LLP, as and for its Answer to the First Amended Complaint, alleges the following upon information and belief:

## NATURE OF THE ACTION

       1.     Denies each and every allegation contained in paragraph "1" of the First Amended Complaint.

## JURISDICTION AND VENUE

       2.     Denies each and every allegation contained in paragraph "2" of the First Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

       3.     Denies each and every allegation contained in paragraph "3" of the First Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

## THE PARTIES

4. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the First Amended Complaint.

5. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the First Amended Complaint.

6. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the First Amended Complaint.

7. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the First Amended Complaint.

8. Denies each and every allegation contained in paragraph "8" of the First Amended Complaint except admits that GCG is an Illinois limited liability company and it is a wholly owned subsidiary of Alera Group, Inc. Alera is an Illinois corporation with its principal place of business in Illinois.

9. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the First Amended Complaint.

## FACTS RELEVANT TO ALL CLAIMS

10. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the First Amended Complaint.

11. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the First Amended Complaint.

12. Denies each and every allegation contained in paragraph "12" of the First Amended Complaint.

13. Denies each and every allegation contained in paragraph "13" of the First Amended Complaint except admits that LEA issued a proposal as of November 6, 2017 providing for a self-insured plan with an effective date of December 1, 2017.

14. Denies each and every allegation contained in paragraph "14" of the First Amended Complaint except admits that LEA issued a proposal as of November 6, 2017 providing for a self-insured plan with an effective date of December 1, 2017.

15. Denies each and every allegation contained in paragraph "15" of the First Amended Complaint except admits that LEA issued a proposal as of November 6, 2017 providing for a self-insured plan with an effective date of December 1, 2017.

16. Denies each and every allegation contained in paragraph "16" of the First Amended Complaint except admits that LEA issued a proposal as of November 6, 2017 providing for a self-insured plan with an effective date of December 1, 2017.

17. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the First Amended Complaint.

18. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the First Amended Complaint.

19. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of the First Amended Complaint and refers to the Agreement for its true and complete terms.

20. Denies each and every allegation contained in paragraph "20" of the First Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

21. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the First Amended Complaint and refers to the Agreement for its true and complete terms.

22. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the First Amended Complaint and refers to the Agreement for its true and complete terms.

23. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "23" of the First Amended Complaint and refers to the Agreement for its true and complete terms.

24. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "24" of the First Amended Complaint and refers to the Agreement for its true and complete terms.

25. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "25" of the First Amended Complaint and refers to the Agreement for its true and complete terms.

26. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "26" of the First Amended Complaint and refers to the Agreement for its true and complete terms.

27. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "27" of the First Amended Complaint and refers to the Agreement for its true and complete terms.

28. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "28" of the First Amended Complaint.

29. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "29" of the First Amended Complaint.

30. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "30" of the First Amended Complaint.

31. Denies each and every allegation contained in paragraph "31" of the First Amended Complaint.

32. Denies each and every allegation contained in paragraph "32" of the First Amended Complaint.

33. Denies each and every allegation contained in paragraph "33" of the First Amended Complaint and refers to the 2018 Proposal for its true and complete terms.

34. Denies each and every allegation contained in paragraph "34" of the First Amended Complaint and refers to the 2018 Proposal for its true and complete terms.

35. Denies each and every allegation contained in paragraph "35" of the First Amended Complaint and refers to the 2018 Proposal for its true and complete terms.

36. Denies each and every allegation contained in paragraph "36" of the First Amended Complaint and refers to the 2018 Proposal for its true and complete terms.

37. Denies each and every allegation contained in paragraph "37" of the First Amended Complaint.

38. Denies each and every allegation contained in paragraph "38" of the First Amended Complaint.

39. Denies each and every allegation contained in paragraph "39" of the First Amended Complaint.

40. Denies each and every allegation contained in paragraph "40" of the First Amended Complaint.

41. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "41" of the First Amended Complaint.

42. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "42" of the First Amended Complaint.

43. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "43" of the First Amended Complaint.

44. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "44" of the First Amended Complaint.

45. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "45" of the First Amended Complaint.

46. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "46" of the First Amended Complaint.

47. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "47" of the First Amended Complaint.

48. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "48" of the First Amended Complaint.

49. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "49" of the First Amended Complaint.

50. Denies each and every allegation contained in paragraph "50" of the First Amended Complaint and refers to the Agreement for its true and complete terms.

51. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "51" of the First Amended Complaint and refers to the Agreement for its true and complete terms.

52. Denies each and every allegation contained in paragraph "52" of the First Amended Complaint.

53. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "53" of the First Amended Complaint.

54. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "54" of the First Amended Complaint.

55. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "55" of the First Amended Complaint.

56. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "56" of the First Amended Complaint.

57. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "57" of the First Amended Complaint.

58. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "58" of the First Amended Complaint.

59. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "59" of the First Amended Complaint.

60. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "60" of the First Amended Complaint.

## **SPECIFIC CAUSES OF ACTION**

## **COUNT I**

## **FRAUDULENT MISREPRESENTATION (GCG AND LEA)**

61. As and for a response to the allegations contained in paragraph "61" of the First Amended Complaint, Defendant, GCG repeats, reiterates and realleges each and every response

to the allegations contained in paragraphs "1" through "60" of the First Amended Complaint with the same force and effect as if fully set forth herein.

62. Denies each and every allegation contained in paragraph "62" of the First Amended Complaint.

63. Denies each and every allegation contained in paragraph "63" of the First Amended Complaint.

64. Denies each and every allegation contained in paragraph "64" of the First Amended Complaint.

65. Denies each and every allegation contained in paragraph "65" of the First Amended Complaint.

66. Denies each and every allegation contained in paragraph "66" of the First Amended Complaint.

## COUNT II

## NEGLIGENT MISREPRESENTATION (GCG AND LEA)

67. As and for a response to the allegations contained in paragraph "67" of the First Amended Complaint, Defendant, GCG repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "66" of the First Amended Complaint with the same force and effect as if fully set forth herein.

68. Denies each and every allegation contained in paragraph "68" of the First Amended Complaint.

69. Denies each and every allegation contained in paragraph "69" of the First Amended Complaint.

70. Denies each and every allegation contained in paragraph "70" of the First Amended Complaint.

71. Denies each and every allegation contained in paragraph "71" of the First Amended Complaint.

## COUNT III

## NEGLIGENCE (GCG AND LEA)

72. As and for a response to the allegations contained in paragraph "72" of the First Amended Complaint, Defendant, GCG repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "71" of the First Amended Complaint with the same force and effect as if fully set forth herein.

73. Denies each and every allegation contained in paragraph "73" of the First Amended Complaint.

74. Denies each and every allegation contained in paragraph "74" of the First Amended Complaint.

75. Denies each and every allegation contained in paragraph "75" of the First Amended Complaint.

76. Denies each and every allegation contained in paragraph "76" of the First Amended Complaint.

77. Denies each and every allegation contained in paragraph "77" of the First Amended Complaint.

78. Denies each and every allegation contained in paragraph "78" of the First Amended Complaint.

79. Denies each and every allegation contained in paragraph "79" of the First Amended Complaint.

80. Denies each and every allegation contained in paragraph "80" of the First Amended Complaint.

81. Denies each and every allegation contained in paragraph "81" of the First Amended Complaint.

82. Denies each and every allegation contained in paragraph "82" of the First Amended Complaint.

83. Denies each and every allegation contained in paragraph "83" of the First Amended Complaint.

84. Denies each and every allegation contained in paragraph "84" of the First Amended Complaint.

## COUNT IV

## BREACH OF CONTRACT (LEA)

85. As and for a response to the allegations contained in paragraph "85" of the First Amended Complaint, Defendant, GCG repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "84" of the First Amended Complaint with the same force and effect as if fully set forth herein.

86. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "86" of the First Amended Complaint and refers to the Agreement for its true and complete terms.

87. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "87" of the First Amended Complaint and refers to the Agreement for its true and complete terms.

88. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "88" of the First Amended Complaint.

## COUNT V

## INDEMNIFICATION (LEA)

89. As and for a response to the allegations contained in paragraph "89" of the First Amended Complaint, Defendant, GCG repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "88" of the First Amended Complaint with the same force and effect as if fully set forth herein.

90. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "90" of the First Amended Complaint and refers to the Agreement for its true and complete terms.

91. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "91" of the First Amended Complaint and refers to the Agreement for its true and complete terms.

92. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "92" of the First Amended Complaint.

93. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "93" of the First Amended Complaint.

## COUNT VI

## SPECIFIC PERFORMANCE (LEA)

94. As and for a response to the allegations contained in paragraph "94" of the First Amended Complaint, Defendant, GCG repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "93" of the First Amended Complaint with the same force and effect as if fully set forth herein.

95. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "95" of the First Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

96. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "96" of the First Amended Complaint.

97. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "97" of the First Amended Complaint.

98. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "98" of the First Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

## COUNT VII

### CLAIM FOR EQUITABLE ACCOUNTING
### ARISING UNDER 29 U.S.C. §1132;
### ERISA §502(a)(3) and the AGREEMENT (LEA)

99. As and for a response to the allegations contained in paragraph "99" of the First Amended Complaint, Defendant, GCG repeats, reiterates and realleges each and every response to the allegations contained in paragraphs "1" through "98" of the First Amended Complaint with the same force and effect as if fully set forth herein.

100. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "100" of the First Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

101. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "101" of the First Amended Complaint and respectfully refers all questions of law to this Honorable Court for its ultimate determination.

102. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "102" of the First Amended Complaint.

103. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "103" of the First Amended Complaint.

104. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "104" of the First Amended Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

105. If the Plaintiffs sustained damages as alleged in the First Amended Complaint, all of which is denied, then such damages were caused in whole or in part by the culpable conduct of the Plaintiffs, and the amount of damages otherwise recoverable, if any, shall therefore be diminished by such degree of culpable conduct as is attributable to the Plaintiffs.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

106. Whatever injuries and/or damages were sustained by the Plaintiffs at the time and place alleged in the First Amended Complaint were in whole or in part the result of the Plaintiffs' assumption of the risk in realizing and knowing the risk, hazards and dangers thereof, and the Plaintiffs assumed all of the risks necessarily incidental to such undertaking.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

107. The negligence of those responsible for the occurrence(s) alleged in the First Amended Complaint constitute a separate, independent, superseding, intervening culpable act or acts which constitute sole proximate cause of the occurrence(s) alleged.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

108. The answering Defendant asserts that this case falls within the limited liability provisions of Section 1601 of the Civil Practice Law and Rules, and that said Defendant's liability, if any, shall be limited to the equitable share of the total liability.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

109. If the Plaintiffs sustained any injuries or damages as alleged in the First Amended Complaint, such injuries or damages were caused, aggravated or contributed to by the Plaintiffs' failure to take reasonable efforts to mitigate damages, and any award made to the Plaintiffs must be reduced in such proportion and to the extent that the injuries complained of were caused, aggravated or contributed to by said failure to mitigate damages.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

110. The First Amended Complaint fails to state facts sufficient to constitute a claim for which relief can be granted against GCG.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

111. PROVIDENCE has not sustained any injury-in-fact and has not been damaged whatsoever, depriving the Court of subject matter jurisdiction.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

112. If the Plaintiffs sustained damages as alleged in the First Amended Complaint, other than by reason of their own culpable conduct, then such damages were caused in whole or in part by the culpable conduct of some third person or persons over whom the answering Defendant neither had nor exercised control.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

113. The Plaintiffs' claims are barred by the applicable statute of limitations.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

114. The Plaintiffs' claims are barred under the doctrines of laches, lack of privity, estoppel, illegality, and/or unclean heads.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

115. GCG owed no duty of care to the Plaintiffs due to the absence of a special relationship or a relationship approaching privity.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

116. Plaintiffs are not entitled to recover attorney's fees.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

117. In the event that any person or entity liable or claimed to be liable for the injury alleged in this action has been given or may hereafter be given a release or covenant not to sue, answering Defendant will be entitled to protection under New York General Obligations Law Section 15-108 and the corresponding reduction of any damages which may be determined to be due against this Defendant.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

118. Plaintiffs are not entitled to recovery under ERISA.

### AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

119. GCG reserves the right to assert, and hereby gives notice that it intends to rely upon, any other defenses that may become available or appear during discovery proceedings or otherwise in this case and hereby reserves the right to amend its Answer to assert any such defense.

### AS AND FOR A CROSS-CLAIM AGAINST DEFENDANT OMNI ADMINISTRATORS INC. D/B/A LEADING EDGE ADMINISTRATORS

120. If the Plaintiffs sustained any damages in the manner set forth in the First Amended Complaint through any carelessness, recklessness or negligence other than their own, such damages were sustained by reason of the sole active and primary carelessness, recklessness or affirmative acts of omission or commission by Defendant, OMNI ADMINISTRATORS INC.

d/b/a LEADING EDGE ADMINISTRATORS, without any active or affirmative negligence on the part of the undersigned answering Defendant contributing thereto.

121. By reason of the foregoing, Defendant, OMNI ADMINISTRATORS INC. d/b/a LEADING EDGE ADMINISTRATORS, will be liable to this answering Defendant under the doctrines of apportionment, indemnification, and contribution.

WHEREFORE, Defendant GCG FINANCIAL, LLC, demands judgment:

(A) Dismissing the First Amended Complaint in its entirety;

(B) Awarding judgment on its cross-claims for apportionment, contribution and indemnification, including attorneys' and investigative fees;

(C) Awarding the costs and disbursements of this action; and

(D) Awarding such other and further relief as this Court may deem just and proper.

Dated: Woodbury, New York
April 25, 2022

          MILBER MAKRIS PLOUSADIS
          & SEIDEN, LLP

          By: /s/ Lorin A. Donnelly
          LORIN A. DONNELLY
          (LAD 0791)
          Attorneys for Defendant
          GCG FINANCIAL, LLC
          1000 Woodbury Road, Suite 402
          Woodbury, New York 11797
          (516) 712-4000
          File No.: 921-21924

TO: Jay R. Speyer, Esq.
     Collin A. Rose, Esq.
     MORRISON COHEN LLP
     Attorneys for Plaintiff
     909 Third Avenue
     New York, New York 10022
     (212) 735-8600

     -and-

HOLIFIELD & JANICH, PLLC
Al Holifield, Esq. (PRO HAC VICE)
11907 Kingston Pike, Suite 201
Knoxville, Tennessee 37934
(865) 566-0115

Barry I. Levy, Esq.
Kenneth C. Murphy, Esq.
Brian L. Feld, Esq.
RIVKIN RADLER LLP
Attorneys for Defendant
OMNI ADMINISTRATORS INC.
926 RXR Plaza
Uniondale, New York 10176
(516) 357-3000