**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ X
:
THE PROVIDENCE GROUPS, LLC, and THE : Case No. 1:20-cv-05067-FB-SJB
PROVIDENCE HEALTH GROUP, LLC :
:
Plaintiffs, :
:
v. : **PLAINTIFFS' ANSWER TO**
: **OMNI ADMINISTRATORS**
OMNI ADMINISTRATORS INC. d/b/a/ LEADING : **INC.'S COUNTERCLAIMS**
EDGE ADMINISTRATORS, : **ASSERTED IN ITS ANSWER**
and : **TO AMENDED COMPLAINT**
:
GCG FINANCIAL, LLC, :
:
Defendants. :
------------------------------------------------------------------ X

Plaintiffs Counter-Defendants, The Providence Groups, LLC and The Providence Health Group, LLC (collectively referred to herein as "Providence"), by and through their attorneys, Holifield & Janich, PLLC, and Morrison Cohen LLP, and pursuant to Fed. R. Civ. P. 12, as and for their Answer to Defendant Counter-Plaintiff Omni Administrators Inc. d/b/a/ Leading Edge Administrator's ("LEA") counterclaims against Providence, state as follows:

**ANSWER TO COUNTERCLAIMS**

1. As to the allegations in paragraph 105, Providence denies that it approached LEA to serve as Third-Party Administrator for its self-funded health benefit plan. As to the remaining allegations contained in paragraph 105, Providence is without sufficient knowledge or information to form a belief as to as to the veracity thereof; therefore, those allegations are denied and Providence demands strict proof thereof.

2. As to the allegations contained in paragraph 106, Providence admits that PHG is a single member limited liability company owned and operated by Douglas Cox. Providence further

admits that PHG is an entity that enters contracts to manage and operate nursing and assisted living facilities in multiple states. All other remaining allegations contained in paragraph 106 are denied and Providence demands strict proof thereof.

3.  Providence admits the allegations contained in paragraph 107 of the Counterclaim.

4.  Providence admits the allegations contained in paragraph 108 of the Counterclaim.

5.  Providence admits the allegations contained in paragraph 109 of the Counterclaim.

6.  Providence admits the allegations contained in paragraph 110 of the Counterclaim.

7.  Providence denies the allegations contained in paragraph 111 of the Counterclaim and demands strict proof thereof.

8.  Providence denies the allegations contained in paragraph 112 of the Counterclaim and demands strict proof thereof.

9.  As to the allegations contained in paragraph 113, Providence neither admits nor denies the allegations contained therein as they state a legal conclusion to which no response is required. To the extent, any response is required, Providence denies those allegations and demands strict proof thereof.

10. As to the allegations contained in paragraph 114, Providence neither admits nor denies the allegations contained therein as they state a legal conclusion to which no response is required. To the extent, any response is required, Providence denies those allegations and demands strict proof thereof.

11. Providence denies the allegations contained in paragraph 115 and demands strict proof thereof.

12. Providence denies the allegations contained in paragraph 116 and demands strict proof thereof.

13. Providence denies the allegations contained in paragraph 117 and demands strict proof thereof.

14. Providence denies the allegations contained in paragraph 118 and demands strict proof thereof.

15. Providence denies the allegations contained in paragraph 119 and demands strict proof thereof.

16. Providence denies the allegations contained in paragraph 120 and demands strict proof thereof.

17. As to the allegations contained in paragraph 121 of the Counterclaim, Providence admits that its employees were involved in some limited functions of the Plan; however, such involvement in no way limits the negligent actions of Defendants. Any and all allegations of Paragraph 121 that are contrary to or inconsistent with this assertion are denied and strict proof is demanded thereof.

18. Providence denies the allegations set forth in paragraph 122 of the Counterclaim, as they may be inconsistent with the referenced Agreement and otherwise respectfully refers the Court to the Agreement for its contents, import and meaning.

19. Providence denies the allegations set forth in paragraph 123 of the Counterclaim, as they may be inconsistent with the referenced Agreement and otherwise respectfully refers the Court to the Agreement for its contents, import and meaning.

20. Providence denies the allegations set forth in paragraph 124 of the Counterclaim, as they may be inconsistent with the referenced Agreement and otherwise respectfully refers the Court to the Agreement for its contents, import and meaning.

21. Providence denies the allegations set forth in paragraph 125 of the Counterclaim, as they may be inconsistent with the referenced Agreement and otherwise respectfully refers the Court to the Agreement for its contents, import and meaning.

22. Providence denies the allegations set forth in paragraph 126 of the Counterclaim, as they may be inconsistent with the referenced Agreement and otherwise respectfully refers the Court to the Agreement for its contents, import and meaning.

23. Providence denies the allegations contained in paragraph 127 and demands strict proof thereof.

24. Providence denies the allegations contained in paragraph 128 and demands strict proof thereof.

25. Providence denies the allegations contained in paragraph 129 and demands strict proof thereof.

26. Providence denies the allegations contained in paragraph 130 and demands strict proof thereof.

27. Providence denies the allegations set forth in paragraph 131 of the Counterclaim, as they may be inconsistent with the referenced Agreement and otherwise respectfully refers the Court to the Agreement for its contents, import and meaning.

28. Providence denies the allegations set forth in paragraph 132 of the Counterclaim, as they may be inconsistent with the referenced Agreement and otherwise respectfully refers the Court to the Agreement for its contents, import and meaning.

29. Providence denies the allegations contained in paragraph 133 and demands strict proof thereof.

30. Providence denies the allegations contained in paragraph 134 and demands strict proof thereof.

31. Providence denies the allegations contained in paragraph 135 and demands strict proof thereof.

## AFFIRMATIVE DEFENSES TO COUNTERCLAIMS

### FIRST AFFIRMATIVE DEFENSE

1. LEA has failed to state, either in whole or in part, any claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. LEA's claim is barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

3. LEA has not sustained any injury-in-fact or been damaged whatsoever, depriving the Court of subject matter jurisdiction.

### FOURTH AFFIRMATIVE DEFENSE

4. LEA's claims are barred, in whole or in part, by the doctrines of waiver and estoppel, release, and accord and satisfaction.

### FIFTH AFFIRMATIVE DEFENSE

5. LEA has failed to mitigate its damages, if any.

### SIXTH AFFIRMATIVE DEFENSE

6. The Counterclaims are barred, in whole or in part, by LEA's inequitable conduct, unclean hands, bad faith and/or fraudulent conduct and/or misrepresentations.

### SEVENTH AFFIRMATIVE DEFENSE

7. LEA's claim for indemnification is barred, in whole or in part, on the basis that LEA's alleged damages, if any, were solely caused by other individuals or entities.

### EIGHTH AFFIRMATIVE DEFENSE

8. LEA is guilty of laches, and it would therefore be inequitable to grant any of the remedies sought by LEA.

### NINTH AFFIRMATIVE DEFENSE

9. The equities do not preponderate in favor of LEA so as to allow recovery based on equitable principles.

### TENTH AFFIRMATIVE DEFENSE

11. The Counterclaims are barred, in whole or in part, because they are not well grounded in existing law or fact and there is no valid argument for the extension, modification or reversal of existing law.

### ELEVENTH AFFIRMATIVE DEFENSE

12. The Counterclaims are barred, in whole or in part, based upon LEA's intervening acts or omissions, and/or its failure to fulfill conditions precedent to recovery.

### TWELFTH AFFIRMATIVE DEFENSE

13. The Counterclaims are barred, in whole or in part, by LEA's own breaches of the relevant Agreement.

### THIRTEENTH AFFIRMATIVE DEFENSE

14. To the extent supported by the facts of this case, the attorney fees, costs and expenses sought to be recovered by LEA are neither justified, reasonable nor necessary.

**FOURTEENTH AFFIRMATIVE DEFENSE**

15.     The Counterclaims are barred, in whole or in part, because LEA had a duty of good faith and fair dealing in connection with the Agreement referenced in the Counterclaims.

**RESERVATION OF RIGHTS TO ASSERT ADDITIONAL DEFENSES**

16.     Providence reserves the right to assert, and hereby gives notice that it intends to rely upon, any other defenses that may become available or appear during discovery proceedings or otherwise in this case and hereby reserves the right to amend its Answer to Omni Administrators LLC's Counterclaims Asserted in Its Answer to Amended Complaint in order to assert any such defense.

WHEREFORE, Providence respectfully request that the Court enter judgment as follows:

(a)     dismissing the Counterclaims against Providence with prejudice;

(b)     awarding reasonable attorneys' fees, costs and expenses to Providence; and

(c)     awarding such other and further relief as the Court deems just and proper.


Dated:  New York, New York
        April 28, 2022

                                        *MORRISON COHEN LLP*


                                        By:  ___/s/ Jay R. Speyer_____
                                             Jay R. Speyer
                                             Collin A. Rose

                                        909 Third Avenue
                                        New York, New York 10022
                                        (212) 735-8600
                                        jspeyer@morrisoncohen.com
                                        crose@morrisoncohen.com

-and-

*HOLIFIELD & JANICH, PLLC*

By: ___/s/ Al Holifield_____
    Al Holifield (PRO HAC VICE)

    11907 Kingston Pike, Suite 201
    Knoxville, Tennessee 37934
    (865) 566-0115
    aholifield@holifieldlaw.com

*Attorneys for Plaintiffs*

4882-9517-0846, v. 2

## CERTIFICATE OF SERVICE

I certify that, on the date set forth below, the foregoing *Plaintiffs' Answer To Omni Administrators Inc.'s Counterclaims Asserted In Its Answer To Amended Complaint* was filed electronically and that it is available for viewing and downloading on the Court's CM/ECF system by the parties.

Dated: April 28, 2022.

                HOLIFIELD & JANICH, PLLC

                By: ___/s/ Al Holifield_____
                      Al Holifield (PRO HAC VICE)

                11907 Kingston Pike, Suite 201
                Knoxville, Tennessee 37934
                (865) 566-0115
                aholifield@holifieldlaw.com
                *Attorney for Plaintiffs*

4893-1996-3166, v. 1