# MMP&S

## MILBER MAKRIS PLOUSADIS & SEIDEN, LLP
### ATTORNEYS AT LAW

1000 Woodbury Road     Suite 402     Woodbury, NY 11797
Telephone: 516.712.4000     Fax: 516.712.4013
HTTP://WWW.MILBERMAKRIS.COM

June 5, 2023

**VIA ECF**

The Honorable Frederic Block
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

> Re: *The Providence Groups, LLC, and The Providence Health Group, LLC v. Omni Administrators, Inc. d/b/a Leading Edge Administrators and GCG Financial, LLC*
> Docket No.: 1:20-cv-5067-FB-SJB
> Our File No.: 921-21924
> **Formal Request for a Pre-Motion Conference**

Dear Honorable Judge Block:

    This firm is legal counsel for the Defendant, GCG Financial, LLC, ("GCG") in connection with the above-referenced matter. This correspondence is submitted in compliance with Your Honor's Individual Practice Rules, Rule 2.A. We respectfully request a pre-motion conference in connection with a proposed Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56. and this Court's Individual Rules.

## BACKGROUND

    Plaintiffs, The Providence Groups, LLC, and The Providence Health Group, LLC (collectively, "Providence") commenced this action against Omni Administrators, Inc. d/b/a Leading Edge Administrators ("LEA") by the filing of the Original Complaint (the "OC") on October 21, 2020. Pursuant to an Administrative Services Agreement, Providence retained LEA to perform claims administration services for Providence's self-insured health care benefit plan. In summary, Providence alleged that LEA failed to provide timely and accurate accounting information, process claims, pay medical claims timely, and account for payments made to a stop loss insurer.

    On January 31, 2022, Providence filed the First Amended Complaint (the "FAC") against GCG. The FAC alleges that in 2017, Providence consulted with GCG, as their insurance broker, with respect to moving Providence's health care plan to one self-insured employee benefit plan to

include all entities within the Providence Group instead of having separate fully insured plans. On November 6, 2017, LEA issued the Health Benefit Proposal ("2017 LEA Proposal") to Providence.

In reliance upon the 2017 LEA proposal, Providence established the Plan to provide health insurance coverage to its employees. On December 1, 2017, Providence entered into an Administrative Services Agreement with LEA, whereby LEA agreed to serve as the third-party administrator for the Plan. GCG was the insurance broker for Providence and did not perform any claims administration services for Providence in connection with the health care benefit plan.

On or about September 13, 2018, GCG, based upon the claims information collected and provided by LEA, presented Providence with a proposed renewal ("2018 Proposal") for the Plan. Based upon the information contained in the 2018 Proposal, Providence agreed to continue with the self-insured health care plan. Providence has alleged that the information contained in the 2018 Proposal was false and grossly inaccurate. On August 31, 2019, Providence terminated the Plan and Agreement due to the alleged inaccurate claim information provided by LEA.

## PLAINTIFFS' CLAIMS FOR FRAUDULENT AND NEGLIGENT MISREPRESENTATION SHOULD BE DISMISSED

Count I of the FAC asserts a cause of action for Fraudulent Misrepresentation against GCG. In this regard, the FAC alleges that GCG and LEA mispresented the claims data presented in the 2018 Proposal; that the information was false; that Providence justifiably relied upon it; and that as a result Providence was required to pay more for claims that it would have had it converted to a fully insured plan.

Under New York law, to state a claim for fraudulent misrepresentation, a plaintiff must show: (1) the defendant made a materially false representation; (2) the defendant intended to defraud the plaintiffs thereby; (3) the plaintiffs reasonably relied upon the representation; and (4) the plaintiffs suffered damage as a result of their reliance. *Quintana v B. Braun Med. Inc.*, 17-CV-06614 (ALC), 2018 WL 3559091, at *7 [SDNY July 24, 2018]. A plaintiff's reliance must be reasonable. *R. Vig Properties, LLC v Rahimzada*, 213 AD3d 871, 872 [2d Dept 2023]. If the facts represented are not matters peculiarly within the defendant's knowledge, and the plaintiff has the means available to it of knowing, by the exercise of ordinary intelligence, the truth or the real quality of the subject of the representation, the plaintiff must make use of those means, or it will not be heard to complain that it was induced to enter the transaction by misrepresentations. *Id.*

Count II of the FAC asserts a Negligent Misrepresentation claim against GCG. Under New York law, a claim for negligent misrepresentation lies where (1) the defendant had a duty, as a result of a special relationship, to give correct information; (2) the defendant made a false representation that he or she should have known was incorrect; (3) the information supplied in the representation was known by the defendant to be desired by the plaintiff for a serious purpose; (4) the plaintiff intended to rely and act upon it; and (5) the plaintiff reasonably relied on it to his or her detriment. *Henneberry v. Sumitomo Corp. of Am.*, 532 F Supp 2d 523, 538 [SDNY 2007].

First, the evidence establishes that GCG did not make any false or negligent representation to Providence in the 2018 Proposal. All information contained in the 2018 Proposal was based

upon the claims data collected by LEA, who was responsible for administering the plan and paying claims after Providence funded the claims. Upon receipt of a claim under the Plan, LEA would send the invoices to directly to Providence, without copying GCG, and request that the funding for the invoice be deposited in the bank account set up by LEA. GCG did not receive any of the claims, did not receive any of the invoices, did not receive copies of any requests for funding, had no access to the Providence bank account set up by LEA, had no responsibility for the payment of claims, had no responsibility for submitting claims to the Stop Loss Carrier, and had no responsibility for the funding of the bank account to pay the claims. GCG was not involved in the billing of the claims, nor the funding of the Providence account established for the payment of claims by LEA. Thus, GCG did not know, nor should have known, that any information in the 2018 Proposal was false or inaccurate. Second, there is no evidence that GCG presented any such information with any intent to defraud. Third, Providence's reliance solely upon LEA's claims data was not reasonable since Providence had all the claim costs and expenses at their disposal. In this regard, LEA sent invoices for the claims to Providence on a regular basis. Had Providence kept its own accounting of the claims and expenses, they knew or should have known whether the information contained in the 2018 Proposal was accurate or not and whether some claims were incurred but not reported. Finally, the evidence establishes that the alleged representations in the 2018 Proposal were not the proximate cause of Providence's damages.

Accordingly, the Fraudulent Misrepresentation and Negligent Misrepresentation claims should be dismissed.

## PLAINTIFF'S CLAIMS FOR NEGLIGENCE SHOULD BE DISMISSED

Count III of the FAC asserts a Negligence cause of action against GCG. The negligence claim should be dismissed as duplicative of the negligent misrepresentation claim. Duplicative claims shall be dismissed when they are based on identical conduct and seek the same relief. *Sands Harbor Marina Corp. v. Wells Fargo Ins. Servs. of Oregon, Inc.,* 156 F. Supp. 3d 348, 362–63 [EDNY 2016] (dismissing the negligence claim as duplicative of the negligent misrepresentation claim). Although captioned as separate claims, there are no allegations of negligence in Count III beyond those asserted in Count II. They both arise out of the allegation that GCG provided inaccurate information in the 2018 Proposal and both claims seek the same relief, *i.e.*, money damages. As such, the negligence claim is duplicative of the negligent misrepresentation claim and should be dismissed.

Moreover, the Negligence claim should be dismissed, for the reasons including, but not limited to, the basis for the dismissal of the Negligent Misrepresentation claim.

In addition, Providence's Negligent Misrepresentation and Negligence claims are time-barred by operation of the applicable statute of limitations. Under New York law, a negligence and negligent misrepresentation claim is subject to a three-year statute of limitations. N.Y. C.P.L.R. 214(4) (McKinney). A cause of action based on negligent misrepresentation accrues on the date of the alleged misrepresentation which is relied upon by the plaintiff. *Viania v. Zimmer, Inc.,* No. 2017 WL 5714725, at *3 [EDNY Nov. 27, 2017]. The FAC alleges that GCG misrepresented information to Providence in the 2018 Proposal, which was issued on September 13, 2018. Given that the FAC was not filed until January 31, 2022, more than three years after the 2018 Proposal

was issued, and the date when the alleged misrepresentation was made, the Negligent Misrepresentation and Negligence claims are time barred and does not relate back to the filing of the OC.

Accordingly, we respectfully request that this Court schedule a pre-motion conference or establish a briefing schedule for GCG's Motion for Summary Judgment.

We thank this Honorable Court for its time and consideration.

Respectfully submitted,

Lorin A. Donnelly

LAD:lm

cc:   **VIA ECF**

      Jay R. Speyer, Esq.
      Collin A. Rose, Esq.
      Morrison Cohen LLP
      *Attorneys for Plaintiff*
      909 Third Avenue
      New York, New York 10022

      -and-

      Holifield & Janich, PLLC
      Al Holifield, Esq. (*PRO HAC VICE*)
      11907 Kingston Pike, Suite 201
      Knoxville, Tennessee 37934

      Barry I. Levy, Esq.
      Kenneth C. Murphy, Esq.
      Brian L. Feld, Esq.
      Rivkin Radler LLP
      *Attorneys for Defendant*
      *OMNI ADMINISTRATORS INC.*
      926 RXR Plaza
      Uniondale, New York 10176